NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3867
_____

NAZMI RRANCI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
                              Respondent
_____

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS
(Agency No. A096-077-564)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 17, 2015
_____

Before: SMITH, GREENAWAY, JR., AND SHWARTZ, *Circuit Judges*.

(Filed: August 18, 2015)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Nazmi Rranci, a native and citizen of Albania, petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his removal proceedings. We will deny the petition for review.

## I.    Background

Rranci was smuggled into the United States in January 2003 without being admitted or paroled. He was initially detained by immigration officials, but was paroled into the United States to assist in the investigation of a smuggling operation.

Rranci applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85 ("CAT"). At his immigration hearing, Rranci withdrew his applications and requested to leave voluntarily. The immigration judge ("IJ") granted voluntary departure, giving Rranci the opportunity to leave the United States on his own. In the alternative, the IJ ordered him removed.

Rather than leaving voluntarily, Rranci obtained new counsel and moved to reopen his case. He argued that he had not agreed to voluntary departure and that his prior counsel had provided ineffective assistance, which provides a ground sufficient for reopening a case. He also argued that the "state-created danger" doctrine prohibited his removal to Albania. The IJ denied the motion to reopen. Rranci appealed to the BIA, which dismissed his appeal, finding that Rranci failed to satisfy the procedural requirements for ineffective assistance of counsel claims, as put forth in *In re Lozada*, 19

2

I. & N. Dec. 637, 639 (BIA 1988).[1] On appeal, this Court disagreed, "hold[ing] that Rranci satisfied the procedural requirements of *Lozada*." *Rranci v. Att'y Gen.*, 540 F.3d 165, 177 (3d Cir. 2008) ("*Rranci I*"). Accordingly, we "remand[ed] for the BIA to consider the substantive aspects of error and prejudice with regard to Rranci's claim of ineffective assistance of counsel." *Id*.[2] Our Court also directed the BIA to consider in the first instance whether Rranci was prejudiced by his counsel's failure to set forth a claim for relief from removal under the protocols of the United Nations Convention Against Transnational Organized Crime, Nov. 15, 2000, 2225 U.N.T.S. 209 ("the Convention").

On remand, the BIA found that even assuming Rranci's counsel had committed error, Rranci failed to establish that he had suffered any prejudice. The BIA accordingly denied his motion to reopen. Rranci now petitions this Court for review of the BIA's decision.

---

[1] To satisfy *Lozada*'s procedural requirements, "the allegedly aggrieved person must (1) provide an affidavit attesting to the relevant facts, (2) inform former counsel of the allegations and allow him an opportunity to respond, and (3) 'if it is asserted that prior counsel's handling of the case involved a violation of ethical or legal responsibilities, the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not.'" *Rranci v. Att'y Gen.*, 540 F.3d 165, 177 (3d Cir. 2008) (quoting *Lozada*, 19 I. & N. Dec. at 639).

[2] This Court also found that Rranci's state-created danger claim failed as a matter of law. *Rranci I*, 540 F.3d at 171–72.

**II.  Analysis**[3]

In his petition, Rranci argues that the BIA erred in concluding that: (1) Rranci was not prejudiced by his attorney's errors;[4] and (2) the objectives of the Convention are satisfied through existing United States law.  We address each of Rranci's arguments in turn.

**A.  Prejudice**

Rranci argues that if he had received adequate representation, he would have proceeded to a hearing on the merits of his claims and would have had the opportunity to supplement the record.  Rranci contends that the absence of such an opportunity, regardless of whether he has made a prima facie showing of eligibility for any form of relief or protection, is sufficient to demonstrate a reasonable probability of a different

---

[3] We have jurisdiction over final orders of removal under § 242(a)(1) of the INA, 8 U.S.C. § 1252(a)(1).  We review the BIA's denial of Rranci's motion to reopen under the abuse of discretion standard.  In other words, "[t]he BIA's denial of a motion to reopen may only be reversed if it is 'arbitrary, irrational, or contrary to law.'" *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002)).  We review the BIA's legal conclusions de novo, including both pure questions of law and applications of law to undisputed facts.  *Francois v. Gonzales*, 448 F.3d 645, 648 (3d Cir. 2006).

[4] Rranci also argues that the BIA applied the incorrect legal standard to evaluate the prejudice prong of his ineffective assistance of counsel claim.  For an alien to demonstrate that he suffered prejudice, "he must show that there was a reasonable likelihood that the result would have been different if the errors had not occurred." *Rranci I*, 540 F.3d at 176 (internal quotation marks and alterations omitted).  Here, the BIA expressly applied that standard and concluded that Rranci failed to "establish a reasonable likelihood that [he] would have prevailed on his applications for asylum and withholding of removal if not for prior counsel's errors."  App. 10.  Accordingly, we find no basis in the record to support Rranci's claim that the BIA applied an incorrect legal standard.

4

result.  In support of his argument, Rranci cites to *Fadiga v. Attorney General*, 488 F.3d 142 (3d Cir. 2007), and offers the novel proposition that this Court is only obligated "to determine if there is a reasonable likelihood that the result would have been different, not opposite nor better, just different." Pet'r Br. 20.  Rranci's reliance on *Fadiga* is misplaced.

In *Fadiga*, this Court clarified the appropriate test for determining prejudice in the context of removal proceedings.  There, the Court concluded that the "'reasonable likelihood' standard—or its equivalent, the 'reasonable probability' standard—is also appropriate to the prejudice inquiry." 488 F.3d at 159 (footnote omitted).  Furthermore, the Court held that the reasonable likelihood standard "requires the alien to show not just that he received ineffective assistance in his removal proceedings, but that the challenged order of removal is fundamentally unfair, *because there is a significant likelihood that the IJ would not have entered an order of removal absent counsel's errors*." *Id.* (emphasis added).

Here, there is not a significant likelihood that the IJ would have entered an order of removal absent counsel's errors.  As correctly held by the BIA, Rranci has failed to demonstrate prima facie eligibility for asylum, withholding of removal, or protection under CAT.  Rranci has not challenged any of these conclusions in his petition.  Accordingly, Rranci has failed to establish that he was prejudiced.

### B.     The Convention

On remand, the BIA held that, contrary to Rranci's arguments, "the [Convention] and its protocols do not create an independent basis for relief from removal that can be

5

advanced in removal proceedings. Accordingly, [Rranci] was not prejudiced by attorney Carabello's failure to advance a claim against removal under the [Convention] and its protocols before the [IJ]." App. 7. Furthermore, the BIA found that "the objectives of the [Convention] concerning the protection of witnesses and trafficking victims are advanced through existing legislation . . . . More specifically, the immigration laws and regulations offer certain aliens who are victims of, or informants and witnesses against a criminal organization eligibility for S, T, or U nonimmigrant status, if they satisfy other eligibility requirements and obtain the approval of the DHS." App. 7.

In his petition, Rranci does not challenge the BIA's conclusion that the witness protection provisions of the Convention do not create any enforceable rights in agency removal proceedings or in the courts. In addition, Rranci does not challenge the BIA's conclusion that Rranci was not prejudiced by his counsel's failure to advance a claim against removal under the Convention. Instead, Rranci argues that "[t]he [BIA] incorrectly concluded that the objectives of the [Convention] are satisfied through" existing United States law. Pet'r Br. 20.

As we noted in *Rranci I*, the Convention is relevant to a determination of "the degree to which Rranci may have been prejudiced by his prior counsel's decision to recommend [foregoing] a hearing and accepting voluntary departure." 540 F.3d at 179. As noted, the BIA found that the Convention does not create any independent basis for relief from removal that can be advanced in removal proceedings. Rranci has put forth no argument to challenge that ruling. In the absence of any right to relief under the Convention, Rranci cannot establish that he was prejudiced by his attorney's failure to

6

raise a claim under the Convention. Accordingly, we will deny the petition for review as to Rranci's claim brought under the Convention.

## III. Conclusion

For the foregoing reasons, we will deny Rranci's petition for review.